STEVEN J. SIBLEY (SBN 152365)
JOHN DINAPOLI (SBN 84365)
DINAPOLI & SIBLEY
Ten Almaden Boulevard, Suite 1250
San Jose, CA 95113-2271
Telephone: (408) 999-0900
Facsimile: (408) 999-0191
e-mail: sjs@ dslaw.net

Counsel to KURT MILLER, Movant.

THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION

| | |
|---|---|
| IN RE:<br><br>    GLORIA CABRAL,<br><br>        Debtor. | Case No. 18-51575 MEH<br><br>Chapter 13<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION TO TERMINATE, ANNUL AND FOR IN REM RELIEF FROM THE BANKRUPTCY AUTOMATIC STAY**<br><br>**[Property: 3474 Gila Drive, San Jose, California 95148]**<br><br>Hearing<br>Date: October 5, 2018<br>Time: 10:00 a.m.<br>Place: Courtroom 3020<br>       Federal Courthouse-San Jose<br>       280 South First Street<br>Judge: M. Elaine Hammond |

COMES NOW, KURT MILLER (Movant or Lender) with this Memorandum of Points and Authorities in Support of his Amended Motion for Relief from the bankruptcy automatic stay. Movant's motion requests that the Court order that the Bankruptcy automatic stay of 11 USC §362 be terminated and annulled as of July 18, 2018 (the bankruptcy petition filing date) and for *in rem* relief in that any subsequent

bankruptcy filing by anyone would not impose the automatic stay for two (2) years against the affected property, 3474 Gila Drive, San Jose, California 95148 ("Property") pursuant to 11 U.S.C. §§ 362(d)(1), (d)(2) and (d)(4). The debtor does not reside in the Property and lacks any equity in it. The debtor's fractional 1/10 Property interest is a fraudulent conveyance and not necessary to her and her family members' latest attempts to use the bankruptcy court for improper purposes.

**A. The Debtor's Involvement in a Scheme of Property Transfers and Serial Bankruptcy Filings Requires In Rem Relief, Termination of and Annulment of the Automatic Stay**

Bankruptcy Code § 362(d)(4) provides for *in rem* relief when as here, a secured claimant against property is adversely and unfairly affected by debtor's scheme. That scheme, undertaken by the debtor, her daughters and one daughter's boyfriend was meant to delay, hinder or defraud creditors, particularly Mr. Miller.

Every transfer of a Property interest between the debtor and the others was timed to interrupt and delay Mr. Miller's collection of the debtor's past-due debt.

The debtor and her family transferred interests in the Property (6) six times amongst themselves between 2009 and 2018, all timed to disrupt secured creditors' foreclosure and collection actions. The Property transfer grant deeds falsely claimed that none or the incorrect amount of county documentary transfer tax was payable. One transfer between Mr. Acre and his girlfriend's sister Gloria C. Cabral was claimed exempt from tax as between husband and wife (Exhibit 19). There is no plausible basis for these Property transfers, since no consideration was ever paid between the family members for the transferred Property interests. Mr. Miller was never notified of and never consented to any of these Property transfers.

The debtor and the others also filed eight (8) bankruptcy petitions between 2012 to the present day[1]. In one of many examples, in December, 2014, Mr. Miller obtained relief from the bankruptcy automatic stay in the debtor's daughter's bankruptcy case to foreclose against the Property (Exhibit 20). In response to Mr. Miller's relief from stay motion, the daughter, then a debtor in bankruptcy without notice to this Court, her trustee or creditors, transferred an interest in the Property to her boyfriend Daniel Acre for nothing to create a false defense to foreclosure. (Exhibit 19).

As with the Property transfers, the debtor's involvement in these serial filings were timed to deliberately affect Mr. Miller's and the Bank of America's secured claims and their lawful collection efforts.

Based on those events, the debtor's present filing was part of a scheme to delay secured creditor's lawful claims against the affected Property. That scheme consisted of the debtor's, family members and others manipulation of the bankruptcy system and recording statutes. Those actions delayed Mr. Miller's lawful collection efforts and were done to fabricate foreclosure defenses based on the fraudulent transfers and bankruptcy filings.

Therefore, both elements of Section 364(d)(4) (A) *and* (B) are established. The Court should grant relief pursuant to 11 USC §364(d)(4). See *In re: First Yorkshire Holdings, Inc.* 470 B.R. 864, 870 (9th Cir. BAP 2012); *In re: Dorsey* 2:12-bk 18895 (Bank. C.D. Cal. 7/26/2012).

In addition, and based on those events, the Court should annul the bankruptcy automatic stay to July 18, 2018, the debtor's most-recent bankruptcy filing date.

---

[1] Exhibits 10, 12, 15, 16, 17, 25, 26 and the present case.

**B. The Debtor Lacks Equity in the Property and it is Not Necessary to Her Reorganization.**

The debtor claims to own a 1/10 interest in the Property. Presently, there are the following liens against the Property:

Property Fair Market Value:        $980,000 (Kunasek Appraisal)

Liens:

1. Bank of New York: 1st deed of trust    $587,271 (filed proof of claim)
2. Kurt Miller:     2nd deed of trust    $244,023 (trustee sale 7/18/18)
3. Kurt Miller:     judgment lien        $303,000 (RJN Exhibit 22a)

TOTAL Liens:   $1,178,534   **Deficit**   ($156,294)

The debtor's interest in the Property is underwater ($15,629). The debtor retaining a 1/10 Property interest is not beneficial to her bankruptcy estate or creditors. There is also no reasonable possibility, given the debtor's prior and existing actions, of obtaining an effective reorganization from her within a reasonable period of time. *United Savings Ass'n v. Timbers of Inwood Forest Assocs., Ltd.* 484 U.S. 365 (1988).

**C. The Debtor Does Not Live at the Property**

The debtor informed Mr. Miller in June, 2013 that she was moving in Mexico. The debtor, when she is in town, stays at her daughters house on Tokay Way in San Jose. The Tokay Way address was used by Mr. Miller and the Los Angeles Superior Court to effect service on the debtor during the Los Angeles case. RJN Exhibit 22a, Miller Declaration. The debtor cannot establish that she resides at the Property.

**CONCLUSION**

The debtor's involvement in her scheme of false bankruptcy filings and property transfers should not continue. The Court should terminate the stay and grant in rem relief preventing the Property from being affected by any bankruptcy case filed within two years of the entry of the order. The bankruptcy automatic stay should be annulled as of July 18, 2018, the order not subject to the provisions of Fed. R. Bank. P. 4001(a)(3) and for such other and further relief under the circumstances.

Dated: September 20, 2018      DINAPOLI & SIBLEY

*/s/ Steven J. Sibley*

STEVEN J. SIBLEY

Counsel for Moving Party

KURT MILLER