**Entered on Docket
October 05, 2018**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes
the order of the court. Signed October 5, 2018

_M. Elaine Hammond_
_____
**M. Elaine Hammond
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re

Gloria Cabral Robles

        Debtor.

) Case No. 18-51575 MEH
)
) Chapter 13
)
)
) Date: October 24, 2018
) Time: 9:00 a.m.
) Ctrm: 3020
)

## TRIAL SCHEDULING ORDER

    A preliminary hearing in the above-captioned bankruptcy case was held on October 5, 2018 for the Motion for Relief from Stay (the "Motion") (Dkts# 37, 39) filed by Kurt Miller ("Movant"). Gloria Cabral Robles ("Debtor") filed an objection to the Motion on September 10, 2018 (Dkt# 36) and on October 1, 2018 (Dkt# 44). Movant filed a reply to Debtor's opposition on October 1, 2018 (Dkt# 43). Appearances were stated on the record. After considering the Motion, the objections, and the reply, the Court determined a final hearing is required.

    Good cause appearing, it is ORDERED as follows:

    1. A final hearing on the Motion is set for October 24, 2018, at 9:00a.m., in Courtroom 3020, 280 South First Street, San Jose, California. One day has been reserved for the evidentiary hearing. The issues to be tried are as follows:

        (A) Whether Movant has standing to enforce the note;

        (B) Whether the default judgment obtained by the Movant was recorded; and

1

(C) Whether Debtor had an ownership interest in the real property on the petition date.

2. Each party must file and serve a trial brief on these issues by October 18, 2018.

3. Each party must file and serve a witness list by October 18, 2018.

4. The parties are strongly encouraged to focus their evidentiary presentations on documentary evidence.

5. Each party must, no later than October 19, 2018, provide each other with copies of all exhibits such party intends to introduce into evidence, excluding exhibits to be used solely for impeachment, and of any summaries or compilations to be introduced under Fed. R. Evid. 1006.

6. If any party expects to offer more than ten exhibits, such party must place them in a three-ring binder and tab each exhibit.

7. The parties shall bring to trial sufficient copies of exhibits for all counsel, the witness, and the court. Each copy of each exhibit shall be pre-marked by the proponent prior to the hearing. Debtor's exhibits shall be numbered and Creditor's exhibits shall be lettered. The parties may stipulate to use joint exhibits and to the manner in which they will be designated. Exhibit stickers may be obtained from the courtroom deputy.

8. No later than October 22, 2018, the parties must meet and confer regarding the matters in the following paragraph.

9. At the commencement of the hearing, the parties shall be prepared to stipulate into evidence all exhibits that are admissible for at least one purpose and as to which there is no dispute as to authenticity or the ability of the opposing party to lay a foundation.

10. Failure to comply with pre-trial requirements – including failing to file exhibits, witness lists, and trial briefs – will not result in a trial being reset, but will result in appropriate sanctions.

11. Pursuant to Fed. R. Bankr. P. 7016 and Fed. R. Civ. P. 16(f), any failure of a party to comply timely with this order may result in judgment against such party, removal of the

hearing from calendar, exclusion of evidence, or imposition of monetary or non-monetary sanctions.

12. The Court orders the stay continued in effect pending the conclusion and entry of an order on a final hearing on the Motion.

**END OF ORDER**

# COURT SERVICE LIST

**Via ECF:**

All ECF Recipients