STEVEN J. SIBLEY (SBN 152365)
JOHN DINAPOLI (SBN 84365)
DINAPOLI & SIBLEY
Ten Almaden Boulevard, Suite 1250
San Jose, CA 95113-2271
Telephone: (408) 999-0900
Facsimile: (408) 999-0191
e-mail: sjs@dslaw.net

Counsel to KURT MILLER, Movant.

THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION

| | |
|---|---|
| IN RE:<br><br>　　GLORIA CABRAL,<br><br>　　　　　　Debtor. | Case No. 18-51575 MEH<br><br>Chapter 13<br><br>**DECLARATION OF JEFFREY MENTZOS IN SUPPORT OF AMENDED MOTION TO TERMINATE, ANNUL AND FOR IN REM RELIEF FROM THE BANKRUPTCY AUTOMATIC STAY**<br><br>**[Property: 3474 Gila Drive, San Jose, California 95148]**<br><br>Final Hearing<br>Date:　October 24, 2018<br>Time:　9:00 a.m.<br>Place:　Courtroom 3020<br>　　　　Federal Courthouse-San Jose<br>　　　　280 South First Street<br>Judge:　M. Elaine Hammond |

JEFFREY MENTZOS, declares: I am not a party to this action, have personal knowledge of the facts stated herein and could and would testify competently to the following:

1.　On 9/1/2007 Gloria Cabral, the debtor, as maker executed and delivered a promissory note for $100,000 in favor of Kurt Miller. The note attached as

Creditor's Exhibit A was signed by Gloria Cabral on 9/1/2007.

2. On 9/1/2007 the debtor Gloria Cabral aka Gloria Cabral Robles, granted and signed a deed of trust to Rong Tu as beneficiary. See Creditor's Exhibit B. I am informed and believe that the KAM Trust documents were created at my law office by my now-deceased spouse, attorney Tina Triano at KURT MILLER's request in 2003. It was my understanding that the Cabral note and the second deed of trust were to be conveyed to the KAM trust and that Ms. Rong Tu was the trustee of the trust.

3. On 4/21/2008, Ms. Rong Tu signed a substitution of trustee naming me as Trustee of the Cabral Deed of Trust (Creditor's Exhibit D). This substitution supplemented the original deed of trust which had not named a trustee. The substitution of trustee was recorded on 5/13/2008.

4. I have never spoken to or had a conversation with Daniel Arce, Gloria Cabral or any of Gloria Cabral's daughters about the Cabral note or the second deed of trust.

5. Mr. Miller informed me of the meeting with Gloria Cabral and several of her daughters on June 21, 2013, which meeting discussed the Cabral note payments. At that meeting and according to Mr. Miller, Gloria Cabral told Mr. Miller that she would not sell or refinance either the Gila Drive Property or the Guadalajara, Mexico property to pay the Cabral promissory note.

6. On 12/19/2014 and following the relief from stay order, I was instructed by Mr. Miller to begin foreclosure proceedings against the Property for the second deed of trust. Mr. Miller told me that Ms. Rong Tu was informed of and approved the issuance of the resulting Notice of Default, which is Creditor's Exhibit H.

7. I erroneously caused to be issued another Notice of Default for the

Cabral note on June 13, 2018. The second NOD was issued because I erroneously thought the first notice of default from 2014 had expired. No one ever contacted me about the second NOD.

8. On 6/18/2018, I was instructed by Mr. Miller as the trustee of the second deed of trust to take the next step in the foreclosure process, which was a Notice of Trustee's Sale. The resulting notice of trustee sale is Creditor's Exhibit J. The trustee sale was scheduled for 7/18/2018. No one contacted me about the Notice of Trustee sale.

9. Shortly before the 7/18/2018 trustee sale, I received a text from an unidentified number. That text contained what appeared to be a bankruptcy petition and grant deed forms. Neither the petition nor the grant deed forms were signed or was there any indication that the bankruptcy was filed.

10. I asked ZDENKA KOLARIK to conduct the trustee sale as my agent. On 7/18/2018, Zdenka Kolarik, as the agent for the trustee of the second deed of trust conducted the trustee sale, foreclosing on the second deed of trust secured by the unpaid Cabral note. Mr. Miller was the successful and only bidder, credit bidding a portion of the sums due on the Note. At the time of the trustee sale, the amount owing on the note was $244,022.98. A copy of the original trustee's deed dated July 23, 2018 and the Corrective trustee's deed upon sale, recorded the next day (July 24, 2018) are Creditor's Exhibits K and L.

11. On or about July 20, 2018, I was contacted by Linda Keny, Esq., representing Ms. Cabral. Ms. Keny requested a meeting to discuss resolution of the Cabral note. Ms. Keny did not mention that Ms. Cabral had filed another bankruptcy case.

| | |
|---|---|
| 1 | |
| 2 | I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 19th day of October at Morgan Hill, California. |

*/s/ Jeffrey Mentzos*

JEFFREY MENTZOS
