DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
Devin L. Pace #256514
Nanette Dumas #148261
Jane Z. Bohrer #243692
P O BOX 50013
SAN JOSE, CA 95150-0013

Telephone: (408) 354-4413
Facsimile: (408) 354-5513

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| In Re: | Chapter 13 |
| GLORIA CABRAL ROBLES | Case No. 18-51575 MEH |
| | **MOTION TO DISMISS PRE-CONFIRMATION PURSUANT TO 11 U.S.C. § 1307(c)** |
| | Hearing Date: not set<br>Hearing Time: not set<br>Judge: Hon. M. Elaine Hammond |
| Debtor | |

Devin Derham-Burk, Chapter 13 Standing Trustee (the Trustee) hereby moves this Court for dismissal of this case for "cause" pursuant to 11 U.S.C. § 1307(c) based on the failure of the Debtor to prosecute this case. The motion is brought in accordance with Federal Rules of Bankruptcy Procedure 9013, 9014 and Bankruptcy Local Rule 9014-1. In support of this motion, Trustee requests that the Court take judicial notice of its own records in this case pursuant to Fed. R. Evid. 201 made applicable to bankruptcy proceedings pursuant to Fed. R. Bankr. P. 9017.

## FACTUAL BACKGROUND

1. The Chapter 13 petition was filed on July 17, 2018. [Docket #1]

2. Devin Derham-Burk is the duly appointed Chapter 13 Trustee in this matter.

3. The Trustee has had an Objection to Confirmation ("Objection") pending since August 30, 2018. [Docket #20]. The unresolved point(s) raised in the Trustee's objection, and any amendments thereto, prevent the Trustee from recommending confirmation of the Chapter 13 plan.

4. Moreover, to the extent that another party has filed an objection to confirmation that remains unresolved and/or the debtor has not made plan payments (including amounts coming due prior to any hearing on this motion), these serve as additional and independent impediments to confirmation.

5. The failure of the debtor to act promptly to resolve all impediments to confirmation has caused unreasonable delay that is prejudicial to creditors because creditors are not receiving payments and/or cannot exercise their State Court remedies to collect their debts while the debtor enjoys the benefit of bankruptcy protection in this case.

## LEGAL ARGUMENT

Section 1307(c) of the Bankruptcy Code authorizes the Trustee to bring a motion to dismiss a chapter 13 case for "cause" if it is in the best interests of the creditors and the estate. The Court can consider any "cause," including but not limited to the enumerated grounds in subsection (c). Section 1307(c)(1) permits dismissal for "unreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C. § 1307(c)(1).

A debtor filing a chapter 13 case assumes responsibility for taking reasonable steps to move the case toward confirmation of a chapter 13 plan. *In re Jackson*, 2007 WL 1188202, at *7 (Bankr. E.D. Pa. Apr. 18, 2007). Chapter 13 debtors simply do not have an unlimited amount of time to accomplish plan confirmation. *In re Tran*, 2006 WL 6811015, at *7 (B.A.P. 9th Cir. Aug. 8, 2006). Prompt plan confirmation is important because creditors' rights are constrained by the automatic stay as soon as the petition is filed.

As a result, courts have dismissed cases based on debtor inaction. *See Jackson*, 2007 WL 1188202 at *7 (noting that, at bottom, case was seven months old but no closer to confirmation than the day it was filed).

This case has been pending a total of 4 months with little to no progress. In light of the passage of time and the failure of Debtor to prosecute this case, the case should be dismissed.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court grant her motion and dismiss this case for cause pursuant to 11 U.S.C. § 1307(c).

Dated: December 07, 2018 /s/ Devin Derham-Burk

Chapter 13 Standing Trustee