**LAWRENCE P. RAMIREZ (State Bar No. 141550)**
**LINDA KENY (State Bar No. 187013)**
**NATALIE NABIZADA (State Bar No. 319798)**
**THE LITIGATION LAW GROUP**
111 North Market Street, Suite 1010
San Jose, CA 95113
Telephone: 408 971-1119   Facsimile: 408 971-1129
Email:   lpramirez@thellg.com; lindakeny@thellg.com

Attorneys for Debtor, GLORIA CABRAL ROBLES

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IN RE:<br><br>GLORIA CABRAL ROBLES,<br><br>DEBTOR | Case No: 18-51575 MEH<br><br>**DECLARATION OF LINDA KENY, ESQ. IN SUPPORT OF DEBTOR'S OPPOSITION TO TRUSTEE'S MOTION TO DISMISS PRE-CONFIRMATION**<br><br>HEARING REQUESTED<br><br>Courtroom:  3020<br>United States Bankruptcy Court<br>280 South First Street<br>San Jose, CA  95113<br>Judge:   M. Elaine Hammond |

I, Linda Keny, declare:

1.   I am an attorney licensed by the State of California to practice before all courts of this State.

2.   I am one of the attorneys representing Debtor Gloria Cabral Robles in this matter

3.   I have personal knowledge of the matters set forth herein and would testify

KENY DECL. ISO OPP. TO TRUSTEE'S MOTION TO DISMISS- 1

competently thereto if called as a witness.

4. My office has been in consistent contact with the Trustee's Office to inform them of the disputed state of title to Debtor's real property located at 3474 Gila Drive, San Jose, CA due to the wrongful actions of purported creditor, Kurt Miller, in violating the automatic stay and foreclosing on the property. The Trustee's Office has stated on more than one occasion that even were a plan to be filed, it would not be approved as title to the property is currently in dispute and pending litigation before this court.

5. On October 22, 2018, I personally attended the Creditor's meeting to discuss this issue in person with standing trustee, Devin Derham-Burk. Ms. Derham-Burk agreed that there was no point in asking Debtor any questions or filing an amended plan until the issue of the property was resolved. However, she did state that she is required to resolve matters within 4 months of filing of the petition and informed me that she would have to file a motion to dismiss. She indicated that the judge handling the adversary proceeding would have to instruct her (the trustee) at that point to dismiss her motion due to the matter not having being resolved.

6. In an abundance of caution, I have filed an amended Chapter 13 plan on behalf of the debtor, explaining the issues with the property in nonstandard provision 7.01.

7. On December 10, 2018, I contacted the Trustee's Office via telephone and received confirmation that all plan payments by Debtor have been made but have been placed in a separate account pending approval of an amended plan.

8. Debtor has complied with all requirements with due diligence and needs this Court to order the Trustee to dismiss her motion as litigation regarding the property is currently pending.

///

KENY DECL. ISO OPP. TO TRUSTEE'S MOTION TO DISMISS- 2

I declare under penalty of perjury that the foregoing is true and correct. Executed this the day of December 26, 2018 in San Jose, CA.

                                       s/s Linda Keny
                                       Linda Keny

KENY DECL. ISO OPP. TO TRUSTEE'S MOTION TO DISMISS- 3