Andrew D. Weiss SBN 121149
**LAW OFFICES OF ANDREW D. WEISS**
26459 Rancho Parkway South
Lake Forest, California 92630
Telephone: (949) 360-9478
Facsimile: (949) 360-0302
Email: oclawadw@aol.com
Attorney for Kurt A. Miller

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| In Re: | Case No: 18-51575 |
|---|---|
| GLORIA CABRAL | Chapter 13 |
| Debtor, | **NOTICE OF MOTION AND MOTION TO DISMISS WITH PREJUDICE** |
| | Hearing Date: January 25, 2019 Time: 10:00 a.m. Courtroom: 3020 |

**TO DEBTOR AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** creditor Kurt A. Miller hereby moves to dismiss the above-captioned Chapter 13 bankruptcy proceeding with prejudice.

The motion to dismiss is based on the following grounds: (1) the Debtor does not qualify for Chapter 13 as she does not have regular income, and (2) the Chapter 13 proceeding was filed in bad faith. This motion is brought pursuant to 11 U.S.C. §§ 349, and 1307(c) and Local Rule 9014-1(b)(1)(C).

LAW OFFICES OF ANDREW D. WEISS

Dated: December 26, 2018    By: s/ *Andrew D. Weiss*
ANDREW D. WEISS
Attorney for Creditor
Kurt A. Miller

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. Factual and Procedural Background.

In 2007, creditor, Kurt A. Miller ("Miller"), loaned debtor, Gloria Cabral aka Gloria Cabral Robles ("Debtor"), $100,000.00 ("Loan") for the operation of a jewelry store. The Loan was secured by Debtor's residence, 3474 Gila Drive, San Jose, California 95148 ("Gila Property"). It is undisputed that the Loan was made and Debtor has not fully repaid the Loan.

Beginning in 2009, Debtor, her daughter Gloria Castaneda aka Gloria C. Cabral ("Castaneda"), and Daniel Arce ("Arce") began transferring title to the Gila Property among them and filing multiple bankruptcies to frustrate Miller's attempts to collet the Loan.

On January 29, 2015, title to the Gila Property was transferred from Castaneda and Arce to Arce as the sole owner. Exhibit 1. Arce has been the owner of the Gila Property since that time, with the exception of a three-week period in 2018. On January 30, 2018, Arce transferred title to the Gila Property to Castaneda, as a gift. Exhibit 2. Three weeks later, on February 23, 2018, Castaneda transferred title to the Gila Property back to Arce, also as a gift. Exhibit 3. However, Arce held the grant deed and did not record it until June 26, 2018. *Id*. The purpose for the title gymnastics was to permit Arce, and his attorney, Lawrence Ramirez ("Ramirez"), to file two fraudulent bankruptcy petitions in Arce's name. Exhibits 4 and 5. By removing Arce's name from title to the Gila Property, Arce and Ramirez could file the bankruptcy petitions without disclosing Arce's ownership interest in the Gila Property, and claim that Arce resided, and had an ownership interest in, another property known as 1989 Supreme Drive, San Jose, California ("Supreme Drive Property"). Exhibits 4 and 5. The Supreme Drive Property is actually owned by Jatinder Mann, another client of Ramirez. *See* bankruptcy cases 11-57584, 11-59216, 12-51371, 13-54278, 14-50498, 15-51089, 15-51089, 17-51436, and 17-51719. The May 29, 2018, and May 30, 2018, Arce bankruptcy petitions were apparently designed to delay foreclosure of the Supreme Drive Property, which was in foreclosure. Exhibit 6 and 7.

Arce recorded the February 23, 2018, grant deed on June 26, 2018, after his bankruptcy cases were dismissed. Exhibit 3. In an attempt to stay a trustee's sale set for July 18, 2018, Arce signed a grant deed purporting to transfer a 10% interest in the Gila Property to Debtor and Debtor filed the above-captioned bankruptcy proceeding approximately one-half hour later. Exhibit 8.

Miller now moves to dismiss the above-captioned bankruptcy proceeding on the basis that: (1) the Debtor does not qualify to file a bankruptcy under Chapter 13 as she has no regular income, and (2) the bankruptcy proceeding was filed in bad faith.

**2. This Motion Should Be Granted as Section 1307 of the Bankruptcy Code Authorizes Miller to Bring a Motion for Dismissal of the Action.**

At the request of any party in interest, for cause, the Court may dismiss a case filed under Chapter 13, or convert the case to a case under Chapter 7, whichever is in the best interests of the creditors and the estate. 11 U.S. § 1307(c).

Miller is a party in interest. In fact, Miller, and the trustee under the deed of trust securing Miller's note, were the only creditors listed in Debtor's original Creditor's Matrix. Exhibit 13.

Cause can include bad faith and lack of qualification as a Chapter 13 debtor. *In re Leavitt,* 171 F.3d 1219, 1224 (9th Cir. 1999) and *In re Gilbert*, 535 B.R. 317 (Bkrtcy.C.D.Cal. 2015).

**3. This Motion Should Be Granted as the Debtor Does Not Qualify to File a Bankruptcy Proceeding Pursuant to Chapter 13.**

The Debtor does not qualify to file a proceeding pursuant to Chapter 13 as she has no regular income.

Only an "individual with regular income" may be a debtor under Chapter 13. 11 U.S.C. 109(e).

> "(30)The term 'individual with regular income' means individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under,

3

other than a stockbroker or a commodity broker." 11 U.S.C. §101(30).

On December 19, 2018, the Debtor filed amended schedules. In Schedule I, the Debtor claims she has regular income of $3,750.00. Exhibit 9. A closer look at Debtor's schedules reveals she has no regular income.

First, Debtor claims she receives $2,600.00 income form rental property or operation of a business. Exhibit 9, line 8a. However, Debtor fails to attach any supporting statements, as required. Exhibit 9, line 8a. None of the Debtor's other schedules identify any business or rental property. In her proposed plan, the Debtor discloses that the $2,600.00 is actually a monthly payment of $2,664.00 made by Arce to Specialized Loan Servicing, the servicer of the first deed of trust recorded against the Gila Property. Exhibits 10, section 3.10, and Exhibit 11.

Second, Debtor claims she receives $750.00 per month in unemployment compensation. Exhibit 9, line 8d. However, on her Chapter 13 Statement of Your Current Monthly Income, the Debtor confirms she is not currently receiving unemployment payments. Exhibit 12. Further, Debtor includes a declaration with her proposed plan in which she claims she has "no taxable income." Exhibit 10, p. 9 ln. 21. Unemployment compensation is considered gross income and, therefore, taxable. 26 U.S. § 85.

Third, Debtor claims she receives $400.00 per month from unspecified "family members." Exhibit 9, line 11. "Gratuitous payments from family members and other third parties do not generally constitute regular income for purposes of § 101(30), with some exceptions." *In re Deutsch,* 529 B.R. 308, 315 (Bkrtcy.C.D.Cal. 2015).

As Debtor's own schedules confirm she has no stable regular income, she does not qualify as a Chapter 13 debtor. Accordingly, the above-captioned proceeding should be dismissed.

## 4. This Motion Should Be Granted as the Debtor Has Filed This Proceeding in Bad Faith.

"[B]ad faith is a 'cause' for dismissal under § 1307(c)." *In re Leavitt,* 171 F.3d 1219, 1224 (9th Cir. 1999) (citation omitted). Bad faith includes misrepresentation of facts, unfair manipulation of the Bankruptcy Code, filing the bankruptcy petition in an inequitable manner, a history of filings and dismissal, an intent to defeat state court litigation, and when "egregious behavior is present." *Id*. at 1244 (citations omitted).

Debtor's schedules contain misrepresentations. In her schedules, Debtor claims the value of her interest in the Gila Property is $709,333.00. Exhibit 14. However, the full value of the Gila Property is only $980,000.00. Exhibit 15, p. 2 lns. 3 - 4. The grant deed signed by Arce on July 17, 2018, purports to transfer only a 10% interest to the Debtor. Exhibit 8. Even if that grant deed were valid, the Debtor's interest would only amount to $98,000.00, not the $709,333.00 claimed. Further, Debtor does not disclose she received her purported 10% interest in the Gila Property only one-half hour before filing for bankruptcy. Debtor claims she earns rental or business income, which is actually just mortgage payments made by Acre, who is an owner of the Gila Property. Exhibit 9, line 8a and Exhibit 10, section 3.10 and Exhibit 11. In her Statement of Financial Affairs, Debtor claims she earned rental income of $31,200.00 in 2016 and 2017. Exhibit 16. However, Arce was the owner of the Gila Property since 2015. Exhibit 1. Debtor identifies no other possible source for the $31,200.00 in rental income.

Debtor, and her daughter, have a history of bankruptcy filings and dismissals intended to frustrate Miller's ability to foreclose the Gila Property. Debtor filed a Chapter 13 bankruptcy proceeding on January 10, 2012, which was dismissed on January 25, 2012. Exhibit 17. Debtor filed another Chapter 13 proceeding on December 17, 2012, which was dismissed January 22, 2013. Exhibit 18. Debtor filed a third Chapter 13 proceeding on August 11, 2014, which was dismissed December 4, 2014. Exhibit 19.

Debtor's daughter, Gloria Castaneda, also filed bankruptcy to protect the Gila Property. On September 21, 2009, Debtor transferred title to the Gila Property to her

daughter, Gloria Castaneda. Exhibit 20.  Gloria Castaneda filed a Chapter 13 bankruptcy proceeding on January 22, 2014, which was later converted to Chapter 7.  Exhibit 21.  Her creditor matrix listed only Kurt Miller and Jeffrey Mentzos.  Exhibit 22.  That bankruptcy was dismissed on April 28, 2014.  Exhibit 21.  Gloria Castaneda filed another bankruptcy proceeding on August 11, 2014.  Exhibit 23.  Her creditor matrix listed only Kurt Miller and Bank of America.  Exhibit 24.  On December 16, 2014, the Court entered an order terminating the automatic stay as to the Gila Property, permitting Miller to foreclose.  Exhibit 25.  The August 11, 2014, was dismissed August 3, 2015.  Exhibit 22.

Further, Debtor should be considered just a shill for Arce.  Mentzos, as trustee under the deed of trust securing Miller's $100,000.00 loan to the Debtor, noticed a trustee's sale for July 18, 2018.  Exhibit 26.  Arce's fraudulent bankruptcy filings in May of 2018, left him in a position where he could not comfortably file bankruptcy in July of 2018 to stop Miller's foreclosure.  Exhibits 4 and 5.  Arce attempted to transfer a 10% interest in the Gila Property to Gabral on July 17, 2018, solely for the purpose of stopping the July 18, 2018, foreclosure sale.  Exhibit 8.  The attempted transfer of title was invalid.  Arce's May 30, 2018, Chapter 13 bankruptcy proceeding was not closed until August 7, 2018.  Exhibit 27.  Pursuant to Section 541 of the Bankruptcy Code, Arce's ownership interest in the Gila Property became property of his bankruptcy estates when he bankruptcy petitions on May 29, 2018, and May 30, 2018.  Exhibits 3, 4 and 5.  When a bankruptcy proceeding closes, property of the estate, which has been properly scheduled, and has not been administered, is deemed abandoned to the debtor.  11 U.S.C. 554(c).  As Arce never scheduled the Gila Property in either of his May 2018 bankruptcies, it was not abandoned to him when those proceedings closed.  Even if he had properly scheduled the Gila Property in his May 2018 bankruptcies, as his Chapter 13 proceeding did not close until August 7, 2018, the Gila Property would have remained property his Chapter 13 bankruptcy estate until August 7, 2018.  Arce had no interest in the Gila Property to transfer to the Debtor on July 17, 2018.  Further, transferring a 10% interest in a property, as a gift, which property is about to be foreclosed, should be considered per se bad faith.  Such a transfer does not, in any way, advance the goal of granting a fresh start to

6

the Debtor.  The only purpose of such a transfer is to protect the transferor's interest, not the Debtor's interest, in the property.

The tactics by the Debtor, her daughter Gloria Castaneda, and Arce must be considered an egregious and fraudulent abuse of the Bankruptcy Code.  Accordingly, this proceeding should be dismissed.

**5.     Dismissal With Prejudice is in the Best Interests of the Estate and The Creditors.**

In determining whether to dismiss an action or convert it to a proceeding under Chapter 7, the Court must consider the best interests of the Bankruptcy Estate and the Creditors.  11 U.S. §1307(c).

Here, a conversion to Chapter 7 does not benefit the Bankruptcy Estate.  As disclosed in her amended proposed plan, Debtor does not actually own any interest in the Gila Property. Exhibit 10, p. 8 Section 7.01.  Instead, Debtor asserts a claim that Miller "illegally foreclosed on the Property."  *Id*.  Without obtaining permission from the Court, after filing her bankruptcy petition, Debtor retained counsel and filed a State Court action against Miller and others.  Exhibit 28.  Debtor's schedules reveal no available assets to fund that litigation. Further, the Gila Property is encumbered by a first deed of trust in the sum of $587,270.41 and a fraud judgment exceeding $300,000.00.   Exhibits 11 and 29, in addition to the deed of trust securing Miller's loan.  As the Debtor's 10% interest in the Gila Property is fully encumbered, and her estate has no available assets, a Chapter 7 trustee would have no interest, and no ability, to pursue the State Court Action on behalf of the Bankruptcy Estate.

Section 349 of the Bankruptcy Code permits the Court to dismiss a proceeding with or without prejudice.  11 U.S. § 349 and *In re Leavitt,* 171 F.3d 1219, 1223 (9th Cir. 1999). Dismissal for cause with prejudice is based on the "'totality of the circumstances.'"  *Id*. at 1224. Given the repeated filings by the Debtor and her daughter, the repeated transfer of title to the Gila Property to avoid foreclosure, and Debtor's egregious and fraudulent behavior, dismissal should be with prejudice.  Further litigation between Miller and the Debtor regarding Debtor's debts to Miller should be precluded.  *Id*. at 1223 - 1224.

7

## 6. CONCLUSION.

For all the reasons stated herein, the above-captioned proceeding should be dismissed with prejudice.

LAW OFFICES OF ANDREW D. WEISS

Dated: December 26, 2018

By: s/ *Andrew D. Weiss*
ANDREW D. WEISS
Attorney for Creditor
Kurt A. Miller

L:\FileCenter\Open Cases\Miller 8 (Cabral)\WP\Pleadings BK\Motion to dismiss.wpd

8

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 26459 Rancho Parkway South, Lake Forest, CA 92630

The foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS WITH PREJUDICE** will be served or was served **(a)** on the judge in chambers if required; and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On December 26, 2018 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Trustee, Devin Derham-Burk     ctdocs@ch13sj.com
Nanette Dumas     ctdocs@ch13sj.com
Attorney for Specialized Loan Servicing, Tyneia Merritt     attymerritt@gmail.com, legal@mlawinc.com
Office of the U.S. Trustee / SJ     USTPRegion17.SJ.ECF@usdoj.gov
Debtor's attorney, Lawrence P. Ramirez     lpramirez@thellg.com
Former Attorney for Kurt Miller Steven J. Sibley     sjs@dslaw.net

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On <u>December 26, 2018</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

Capital One Auto Finance, a division of Capital One, N.A., c/o AIS Portfolio Services, LP, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118
Synchrony Bank, c/o PRA Receivables Management, LLC, P.O. Box 41021, Norfolk, VA 23541
Rong Tu, 1959 Huntington Drive, Suite B, Alhambra, CA 91801
Gloria Cabral Robles, 3474 Gila Drive, San Jose, CA 95148

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on December 26, 2018, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

<u>December 26, 2018</u>      Andrew D. Weiss      s/ Andrew D. Weiss
*Date*      *Type Name*      *Signature*