

The following constitutes the order of the Court.
Signed: March 25, 2019

_____
**M. Elaine Hammond**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Gloria Cabral Robles<br><br>　　　　　　　　　　Debtor. | Case No. 18-51575 MEH<br><br>Chapter 13<br><br><u>Hearing Held</u><br>Date: March 22, 2019<br>Time: 10:00 a.m.<br>Ctrm: 3020 |

## ORDER REGARDING MOTION TO AMEND RULING

Gloria Cabral Robles ("Debtor") received a grant deed of a 10% interest in real property located at 3474 Gila Drive, San Jose, California (the "Property") on July 17, 2018, and filed this bankruptcy case on that same date. A nonjudicial foreclosure sale of the Property was conducted the next day on behalf of creditor, Kurt Miller ("Creditor"). Creditor and his representatives were informed of the bankruptcy filing but assert that they were not provided with sufficient information to establish that Debtor had an interest in the Property protected by the stay.

Creditor brought a motion seeking to terminate, annul, and for in rem relief from the stay. Debtor opposed Creditor's request for relief. A preliminary hearing on the motion was held on October 5, 2018, where a final, evidentiary hearing on stay relief was set. The final hearing was held on October 24, 2018, then continued and ultimately completed on January

22, 2019.[1] I issued an oral ruling on January 25, 2019, and the order was entered on February 15, 2019 (Dkt. # 106) (the "Order"). The Order granted Creditor's request for relief from stay and in rem relief and denied his request to annul the stay. Prior to entry of the Order, Creditor filed this request for reconsideration and amendment of the prior ruling (Dkt# 101).

Creditor requests this court amend its prior ruling regarding denial of the request to annul the automatic stay. Whether a court should annul the stay is a retroactive analysis that relies on a "balancing of the equities" test. *In re Fjeldsted*, 293 B.R. 12, 24 (9th Cir. BAP 2003). In applying this test courts employ a multitude of factors, which "examine the debtor's and creditor's good faith, the prejudice to the parties, and the judicial or practical efficacy of annulling the stay." *Id.* at 24-25.

Creditor requests this court alter or amend its prior ruling and annul the stay pursuant to Federal Rule of Civil Procedure 59 ("FRCP 59"), made applicable through Federal Rule of Bankruptcy Procedure 9023.[2]

The Ninth Circuit provides the following guidance regarding a request to amend or alter a judgment pursuant to FRCP 59(e):

> While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed.2000). Indeed, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered

---

[1] The hearing was initially continued to November 28, 2018, to obtain a court-appointed translator. The parties then submitted a joint stipulation requesting a further continuance of approximately two months.

[2] Creditor also states that he seeks relief pursuant to Federal Rule of Civil Procedure 60 ("FRCP 60") due to mistake, inadvertence or surprise, made applicable through Federal Rule of Bankruptcy Procedure 9024. However, no legal or factual argument is made in reliance on this rule as Creditor fails to provide any analysis to seek relief under FRCP 60 for mistake, inadvertence, or surprise. Furthermore, Creditor's motion is based on new evidence that was available to Creditor at the time of the prior hearings.

2

evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted). A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id*. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).[3]

As detailed below, I find this motion to be an attempt to present new evidence and arguments that could reasonably have been presented at trial.

1. Testimony of Jeffrey Mentzos regarding the Notice of Trustee's Sale

Creditor argues that he was not on notice that the foreclosure process would be considered at trial and was "deprived of the opportunity to mark as an exhibit" a document. This argument is without merit. Debtor's objection to Creditor's request for relief from stay raised issues regarding compliance with the California Civil Code foreclosure requirements and Creditor responded in his reply. In the direct testimony that Mentzos provided by declaration he stated that at Creditor's direction he initiated the Notice of Trustee's Sale in the foreclosure process. On cross-examination, Mentzos testified that he has been a friend of Creditor for over 20 years, that his legal practice is as an estate planning attorney, and that this foreclosure sale was the first foreclosure sale he had been trustee for or overseen. On cross-examination, Mentzos testified that he did not provide any public notice of the sale and did not have any duty to do so:

Attorney: "Did you put the public on notice of this Trustee's Sale?"

Mentzos: "No."

---

[3] Creditor also asserts an argument under FRCP 59(a)(2) which applies an identical standard to FRCP 59(e). *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978). Further, Creditor asserts an argument under FRCP 59(a)(1)(B). However, this subsection applies the same legal standard as FRCP 59(e). *Crane-McNab v. Cty. of Merced*, 773 F. Supp. 2d 861, 873 (E.D. Cal. 2011). Therefore, the analysis provided in connection with FRCP 59(e) applies for relief sought under FRCP 59 (a)(1)(B) and 59(a)(2).

3

UNITED STATES BANKRUPTCY COURT
for the Northern District of California

1  Attorney: "Why not?"

2  Mentzos: "What for?"

3  \*\*\*

4  Mentzos: "With regards to putting the public on notice, no, and I didn't have a duty to do

5  so."

When questioned further, Mentzos was unable to identify any ads he placed regarding the trustee's sale, only the filing of the Notice of Trustee's Sale at the county recorder's office. On redirect, Miller's counsel sought to rehabilitate Mentzos' testimony by clarifying publication of a notice versus an ad; however, Mentzos could not recall whether publication occurred.

Mentzos testified on October 24, 2018. Audio of the hearing was available on the court's docket by the next day. The remainder of the trial occurred three months later. At no point prior to this motion did any party seek to enter into evidence the exhibit he now asserts he was "deprived of the opportunity" to mark. Further, his position that "he did not understand the question to pertain to the publication requirements"[4] was addressed on redirect, and his testimony remained the same.

The motion for relief from stay specifically asked for annulment of the stay to validate the foreclosure sale that took place. Dkt# 18 at 1. As a result, while the issue of compliance with California foreclosure laws may not have been specifically referenced in the court's trial scheduling order, it was appropriate to take into consideration all issues related to the trustee's foreclosure sale to determine whether annulment was an appropriate remedy. The court cannot disregard clear evidence from the trustee overseeing a nonjudicial foreclosure sale that the statutory requirements were not satisfied. Furthermore, if Creditor needed to provide additional evidence on this issue, the continued hearing following a three-month continuance was the appropriate time do so.

Accordingly, the court finds no grounds to amend the ruling based on this newly proffered evidence that was available to Creditor at the time of trial.

---

[4] Dkt. 101-1, p. 2, lines 5-6.

4

2. <u>Whether a Recorded Grant Deed was provided at the Trustee's Sale</u>.

Creditor next asserts the ruling should be amended to find that Daniel Arce, the individual granting the 10% interest in the Property to Debtor, did not provide a recorded copy of the Grant Deed to Creditor at the trustee's sale. This argument is based solely on testimony not provided at trial. By Mentzos declaration provided in support of this motion, he asserts that based on the amount of the filing fee provided on the recorded NOTS, Arce did not obtain a certified copy of the recording and could not have presented a copy to Creditor.[5]

In the absence of this new argument, I assessed what information was presented by Arce to Creditor on the competing credibility of these individuals. Neither was a compelling or credible witness. As such, I considered their testimony along with surrounding events and testimony in connection with the balancing of the equities test – including the prejudice to the parties. Creditor asked his friend Mentzos to serve as trustee for the foreclosure sale. Mentzos had no experience in this area and had never overseen the foreclosure sale process. He testified that he did not provide public notice of the sale and had no duty to do so. Further, Mentzos was unavailable on the day of the foreclosure sale and asked Zdenka Kolarik to conduct the sale. Mentzos made clear in his testimony that Kolarik's sole qualification for conducting the foreclosure sale was that she was "available." Kolarik is also the mother of Miller's three children. The only people present at the sale were Kolarik, Creditor, and Arce. Viewed together, I did not find Creditor's testimony regarding the document received from Arce sufficiently credible provided the relative prejudice to the parties.

Upon review of this motion, I determined that while the oral ruling addressed whether a *recorded* grant deed was provided, the disputed issue at trial was whether a *signed* grant deed was provided. A grant deed need not be recorded to be valid; all that is needed is for a signed copy to be presented. Arce credibly testified that he presented a signed copy to Debtor. Therefore, it is appropriate to amend the ruling to state that the grant deed provided by Arce at the trustee's sale, was signed. No ruling is made as to whether it was recorded.

---

[5] Dkt. 101-1, p. 3, lines 1-11.

5

Accordingly, I hereby amend the oral ruling issued on January 25, 2019, to provide that I find based on the evidence presented that the grant deed provided by Arce to Creditor on July 18, 2018 was signed and that no ruling is made as to whether it was recorded; all further relief requested in the motion is denied.

***END OF ORDER***

# COURT SERVICE LIST

**Via ECF:**

All ECF Recipients